49 A.3d 425

MARIE BARNES AND WILLIAM BARNES, HER SPOUSE, PLAINTIFFS–RESPONDENTS, v. EAST ORANGE BOARD OF EDUCATION, DIONNE WARWICK INSTITUTE SCHOOL, DEFENDANTS–APPELLANTS/THIRD PARTY PLAINTIFFS, v. SODEXO MANAGEMENT, INC.,[1] THIRD PARTY DEFENDANT/RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued July 11, 2012—Decided August 22, 2012.

---

[1] Improperly pled as Sodex Management, Inc.

Before Judges ESPINOSA and KOBLITZ.

*John R. Knodel* argued the cause for appellant East Orange Board of Education (*Methfessel & Werbel,* attorneys; *Mr. Knodel,* of counsel and on the briefs).

*Jonathan H. Rosenbluth* argued the cause for respondents Marie Barnes and William Barnes.

*Denise Fontana Ricci* argued the cause for respondent Sodexo Management, Inc. (*Wade Clark Mulchay,* attorneys; *Ms. Ricci,* on the brief).

PER CURIAM.

Defendant East Orange Board of Education (Board) appeals from a December 17, 2010 order denying reconsideration of a May 14, 2010 order allowing plaintiff to file a late notice of claim against the Board. Defendant also appeals from a November 18, 2011 order denying its request for summary judgment and reversing a September 2, 2011 order that vacated the May 14, 2010 order.[2] After reviewing the record in light of the contentions advanced on appeal, we remand for oral argument and further findings of fact and conclusions of law.

---

[2] Pursuant to *Rule* 2:2–3(a)(3), orders deciding motions to extend the time to file a notice of tort claim are appealable as of right.

Plaintiff Marie Barnes [3] worked for third-party defendant Sodexo Management, Inc. (Sodexo) as a food service worker when she slipped and fell in the cafeteria on May 15, 2009, at the Dionne Warwick Institute, a public school owned and operated by the Board. Plaintiff has undergone two surgeries and has been wheelchair-bound since the accident. Sodexo's workers' compensation insurance company paid Barnes for her medical treatment and temporary disability benefits. Plaintiff claims that "Yolanda" from Sodexo told her that the company was the "only resource for [her] to get medical treatment and compensation." Yolanda Shivers, the general manager of Sodexo, certified that she had a two or three minute conversation with plaintiff, during which she "advised [plaintiff] that with respect to her work injury, she would receive worker's compensation that would pay for her medical expenses and other compensation." Shivers denied giving plaintiff any legal advice or advising her that worker's compensation was her only available remedy.

Plaintiff first consulted an attorney on May 10, 2010. The lawyer made an emergent application to allow her to file a late claim under the Tort Claims Act, *N.J.S.A.* §§ 59:1–1 to 59:13–10 (TCA). *N.J.S.A.* 59:8–9. This application was granted on May 14, 2010, before defendant had an opportunity to respond and one day less than one year after the accident.[4]

The Board filed a motion for reconsideration, which was denied on December 17, 2010, by a second judge. The Board sought oral argument on its motion for reconsideration, which was improperly denied by the judge without explanation. *See R.* 1:6–2; *Raspantini v. Arocho,* 364 *N.J.Super.* 528, 531, 837 *A.2d* 417 (App.Div.

---

[3] William Barnes sued for loss of consortium. We refer to Marie only when using the term "plaintiff."

[4] We note that the motion judge could have allowed a response and then signed an order granting relief even after the year had passed. *See Murray v. Barnegat Lighthouse,* 200 *N.J.Super.* 534, 537–38, 491 *A.2d* 1290 (App.Div.), *certif. granted,* 101 *N.J.* 305, 501 *A.2d* 962 *appeal dismissed,* 102 *N.J.* 374, 508 *A.2d* 238 (1985).

2003). The following handwritten reasons appear on the December 17, 2010 order:

[The first judge] appropriately exercised discretion. Plaintiff's belief that her employer who was paying medical bills, etc. provide a sufficient basis under *N.J.S.A.* 59:8–9. No prejudice to public entity—extraordinary circumstances.

Plaintiff entered default against the Board, which was then vacated by consent. The Board was subsequently granted leave to file a third-party complaint against Sodexo. Upon receipt of defendant's notice of appeal, Sodexo sought to supplement the record with Yolanda Shivers's certification. On June 13, 2011, we remanded to the trial court for reconsideration of its decision in light of the newly-produced Shivers certification.

Initially, with no opposition filed, the motion judge reconsidered and, on September 2, 2011, vacated the prior orders of May 14, 2010, and December 17, 2010, which had allowed plaintiff to file a late notice of claim under the TCA. The Board then filed a motion for summary judgment. In a November 18, 2011 order, after oral argument was again improperly denied, the motion judge vacated his order of September 2, 2011. The motion judge wrote the following on the November 18, 2011 order:

The 9/2/11 order is vacated. Court did not consider opposition at that time, 9/2/11. After reviewing entire case and all submissions including the newly submitted evidence, court denies defendant's motion for reconsideration and reinstates original orders of 5/14/10 and 12/17/10 allowing plaintiff permission to file a late notice of claim pursuant to *N.J.S.A.* 59:8–9.

We then reinstated the appeal and consolidated it with the earlier docket.

*N.J.S.A.* 59:8–9 provides:

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8–8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8–8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event

may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

In *Leidy v. County of Ocean,* 398 *N.J.Super.* 449, 456, 942 *A.*2d 112 (App.Div.2008), we observed:

[A]lthough the decision to grant a plaintiff permission to file late notice of a tort claim is a matter left to the sound discretion of the trial court, this discretion is limited to cases in which the claimant's affidavit shows sufficient reasons constituting extraordinary circumstances for the delay and there is no substantial prejudice to the public entity or employee. Findings about the lack of substantial prejudice and the presence of extraordinary circumstances must be expressly made in order to comply with the legislative mandate and to justify the entry of an order permitting the filing of a late notice of claim under *N.J.S.A.* 59:8–9.

[citations and quotation marks omitted.]

The lack of oral argument or sufficient reasons prevents us from reviewing the motion judge's decisions. The judge made insufficient findings to allow us to evaluate the arguments made by appellants. Our review of this matter is thus thwarted by the failure to render a statement of reasons explaining the basis for allowing the late filing, as required under *Rule* 1:7–4. *See* Pressler and Verniero, *Current N.J. Court Rules,* comment 1 on *R.* 1:7–4 (2012) (emphasizing that the *Rule* "requires findings to be made on all motions decided by written orders appealable as of right," and the "critical importance of that function"); *see also Kas Oriental Rugs, Inc. v. Ellman,* 407 *N.J.Super.* 538, 562–63, 972 *A.*2d 413 (App.Div.2009) (citing *Curtis v. Finneran,* 83 *N.J.* 563, 570, 417 *A.*2d 15 (1980)). "Naked conclusions do not satisfy the purpose of *Rule* 1:7–4. Rather, the trial court must state clearly its factual findings and correlate them with the relevant legal conclusions." *Curtis, supra,* 83 *N.J.* at 570, 417 *A.*2d 15 (citations omitted).

We therefore reverse and remand to provide both an opportunity to the parties for oral argument and for the judge to provide expanded reasons for his decision.

Reversed.