190 N.J. Super. 127 (1983)
462 A.2d 191
PATRICIA PRIORE, CLAIMANT-RESPONDENT,
v.
STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 6, 1983.
Decided June 16, 1983.
*128 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Peter R. Freed, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James J. Ciancia, Assistant Attorney General, of counsel; Madeleine W. Mansier, Deputy Attorney General, on the brief).
Margaret Mary McVeigh argued the cause for respondent (DeLorenzo & Pollinger, attorneys; William J. Pollinger, of counsel).
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
*129 The State appeals from an order granting plaintiff Patricia Priore's motion for leave to file a late notice of claim against the State of New Jersey pursuant to N.J.S.A. 59:8-9. The record presented to the trial judge revealed the following facts. On May 29, 1981 claimant was involved in an automobile accident on Fletcher Avenue in Fort Lee, New Jersey. Fletcher Avenue is a State highway. Claimant contends that negligent maintenance of the roadway caused the accident to occur. Timely notice of claim was given to the Borough of Fort Lee. On January 6, 1982, seven months after the accident, claimant's attorney submitted a late notice of claim without leave of court to the State on behalf of the claimant. On June 17, 1982 (more than a year after the accident) claimant filed a motion seeking leave to file a late notice of claim against the State pursuant to N.J.S.A. 59:8-9. The motion contained procedural deficiencies and was not accepted for filing. The motion was resubmitted with a return date of July 30. The trial judge decided the motion on the papers submitted and granted claimant permission to file a late notice of claim against the State.
Initially we observe that the order granting leave to file a late notice of claim resolves the only issue in controversy. It is a final order and appealable as of right. R. 2:2-3(a)(1); Adams v. Adams, 53 N.J. 424, 430 (App.Div. 1959), certif. den. 30 N.J. 151 (1959). Once the order is granted the claimant may or may not proceed with the institution of suit after the six month waiting period for the institution of suit has elapsed. N.J.S.A. 59:8-8.
Claimant's claim accrued May 29, 1981, the date of the accident. Fuller v. Rutgers, the State University, 154 N.J. Super. 420, 423 (App.Div. 1977), certif. den. 75 N.J. 610 (1978). Counsel first sought leave to file a late notice of claim more than one year later. The State contends, the claimant concedes, and we agree that upon the passage of one year, without the filing of a notice of claim, the court lacks jurisdiction to grant *130 leave to file a late notice of claim. N.J.S.A. 59:8-8, 59:8-9; Hill v. Middletown Bd. of Ed., 183 N.J. Super. 36 (App.Div. 1982), certif. den. 91 N.J. 233 (1982); Fuller v. Rutgers, the State University, supra, 154 N.J. at 423; Bell v. County of Camden, 147 N.J. Super. 139 (App.Div. 1977). Claimant argues, however, that the filing of a notice of claim with the State seven months after the accident, without leave of court, constitutes substantial compliance with the statutory provisions relating to notice so that the court did have jurisdiction to grant claimant leave to file a late notice of claim citing Lamiero v. West New York Bd. of Ed., 136 N.J. Super. 585, 588 (Law Div. 1975). We disagree. The filing of a notice of claim more than 90 days after the accrual of a claim without leave of court is a nullity. It is a clear lack of compliance with the statutory preconditions to a suit against the State and does not confer jurisdiction upon the court to grant leave to file a late notice of claim beyond the one year period. The clear language of the statute requires a claimant who has not timely filed a claim to obtain the court's permission to file a late claim. A specific procedure has been established by statute for seeking that permission. The detailed procedure for obtaining the court's permission to file a late claim is designed to carry out the declared public policy of the State:
... [i]t is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carry out the above legislative declaration. [N.J.S.A. 59:1-2]
The claimant ignored this public policy of the State and the expressed statutory provisions of N.J.S.A. 59:8-8 and 59:8-9 by submitting a late notice of claim against the State without having first sought permission. The late notice of claim thus submitted without leave of court on January 6, 1982 is of no legal effect.
The order granting claimant leave to file a late notice of claim against the State is reversed and the matter is remanded to the trial court for the entry of an order denying claimant's motion.