200 N.J. Super. 534 (1985)
491 A.2d 1290
MARGARET MURRAY AND PHILIP MURRAY, HER HUSBAND, PLAINTIFFS-RESPONDENTS,
v.
BARNEGAT LIGHTHOUSE, BARNEGAT, NEW JERSEY AND THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 21, 1985.
Decided April 10, 1985.
*535 Before Judges FRITZ, GAULKIN and LONG.
Irwin I. Kimmelman, Attorney General, attorney for appellants (James J. Ciancia, Assistant Attorney General, of counsel; Barbara L. Foglietta, Deputy Attorney General, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendants purport to appeal from an order which permitted plaintiffs "to file a late claim of notice pursuant to N.J.S.A. 59:1-1 et seq. with the appropriate persons nunc pro tunc." Since the order does not dispose of all issues as to all parties but rather permits litigation to proceed we regard it to be interlocutory and not appealable of right. R. 2:2-3(a)(1); Ibberson v. Clark, 182 N.J. Super. 300, 302-03 (App.Div. 1982). But see Priore v. State, 190 N.J. Super. 127 (App.Div. 1983). We elect, however, to treat the notice of appeal as a motion for leave to appeal (R. 2:2-4; R. 2:5-6), which we hereby grant nunc pro tunc.
The facts recited in Judge Ryan's opinion reported at 192 N.J. Super. 399 (Law Div. 1983) are undisputed. We need only *536 recount the chronology. Plaintiff was injured on August 10, 1982 at Barnegat Lighthouse. On February 24, 1983 her attorney notified Barnegat Lighthouse of the accident; on June 14, 1983 the State of New Jersey acknowledged receipt of that notice. On July 20, 1983 plaintiffs' attorney served and filed with the court a notice of motion for leave to file a notice of late claim pursuant to N.J.S.A. 59:8-9. The motion was made returnable August 12, 1983, the next available motion date (R. 1:6-3), and was argued on August 26, 1983. The order granting leave to file the notice of late claim was entered November 7, 1983.
Defendants' challenge to that order is based upon their contentions that the trial court "was without authority to enter an order permitting the filing of a late claim more than one year after accrual of the claim" and that the nunc pro tunc judgment cannot "confer upon claimant a right to bring a claim where none existed under N.J.S.A. 59:8-9." We find those contentions unpersuasive.
No action may be brought against a public entity unless the claim on which it is based is presented in accordance with the Tort Claims Act, N.J.S.A. 59:8-1 et seq. See N.J.S.A. 59:8-3. A notice of claim must be presented to the public entity not later than the ninetieth day after accrual of the cause of action. N.J.S.A. 59:8-8, -10. But N.J.S.A. 59:8-9 provides that a claimant who fails to file notice within that time
may, in the discretion of a judge of the superior court, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim.
A trial judge clearly is powerless to grant relief under this statute "where application to the court by motion for permission to file a late notice of claim has not been made within the year." Fuller v. Rutgers, 154 N.J. Super. 420, 423 (App.Div. *537 1977), certif. den. 75 N.J. 610 (1978). The narrow and novel question presented here is whether the trial court had authority, after the year elapsed, to grant plaintiffs' motion for relief under N.J.S.A. 59:8-9 which had been filed before the year ended.[1]
The language of N.J.S.A. 59:8-9 is unquestionably ambiguous. Several alternative interpretations are available: (1) that the court must act within one year to allow the claim, (2) that the plaintiff must file the notice of late claim and the court must act within the year, or (3) that only the application for permission to file the late notice need be filed within the year. Although those variant meanings of the statute have not been considered in any reported decision, trial courts have in fact been permitted to grant relief under the statute after the one year period has expired where the application for relief was filed with the court within the year. See S.E.W. Friel Co. v. N.J. Turnpike Auth., 73 N.J. 107 (1977); Keller v. Somerset County, 137 N.J. Super. 1 (App.Div. 1975). On the other hand, several of our reported cases have suggested, in quite different contexts, that a trial judge lacks authority to act once the one year period expires. See Hill v. Middletown Bd. of Ed., 183 N.J. Super. 36, 40 (App.Div.), certif. den. 91 N.J. 233 (1982); Bell v. Camden, 147 N.J. Super. 139, 142 (App.Div. 1977); Pinckney v. Jersey City, 140 N.J. Super. 96, 100 (Law Div. 1976).
In analogous cases, we have treated the filing of a motion as satisfying time limitations fixed by statute or rule for the grant of relief, where the relief was in fact not granted until after the limitation period had expired. See, e.g., State v. Alvarado, 95 N.J. Super. 595 (App.Div. 1967), aff'd 51 N.J. 375 (1968); Campbell v. Borough of Union Beach, 153 N.J. Super. 434 (App.Div. 1977); Ioannou v. Ivy Hill Park Section Four, Inc., 112 *538 N.J. Super. 28 (Law Div. 1970). We regard the rationale of those cases to be equally applicable here. To read N.J.S.A. 59:8-9 to require the court as well as the plaintiffs to act within the one year period would permit each case to turn on the vagaries of the motion calendar, judicial work schedules and the like. Treating the filing of the motion for relief under N.J.S.A. 59:8-9 as the operative date for determining whether the application is timely "provides a more objective basis" for the determination. Campbell, 153 N.J. Super. at 439.
The result we reach is not only pragmatic, but fairly consistent with the statutory notice provisions. Those provisions are designed to assure that no municipal agency shall be required to respond to any claim of which it did not have due notice within the one year period. The filing of a motion under N.J.S.A. 59:8-9 within the one year period reasonably fulfills that aim.
The order granting leave to file the notice of late claim is affirmed.
NOTES
[1] Defendants do not challenge Judge Ryan's findings that plaintiffs' failure to file within 90 days was justified and that no substantial prejudice would result from late filing of the notice. 192 N.J. Super. at 401, 403.