867 A.2d 1174

TAMMY MOON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ROBERTA SMITH, PLAINTIFF–RESPONDENT, AND CHARLENE MICKALOWSKI AND THOMAS HART, PLAINTIFFS, v. WARREN HAVEN NURSING HOME AND COUNTY OF WARREN, DEFENDANTS–APPELLANTS, AND JOHN DOES/JANE DOES, FICTITIOUS INDIVIDUALS/ENTITIES, DEFENDANTS.

Argued November 8, 2004—Decided March 8, 2005.

*Nancy C. Gage,* Assistant County Counsel, argued the cause for appellants (*Joseph J. Bell, Jr.,* Warren County Counsel, attorney).

*Jeffrey M. Russo* argued the cause for respondent.

*Karen L. Jordan,* Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*Peter C. Harvey,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel).

Justice ZAZZALI delivered the opinion of the Court.

This appeal presents a procedural question concerning a public entity's right to appeal an order granting a motion to file a late notice of claim under the New Jersey Tort Claims Act. We must determine whether such an order is a final judgment from which a public entity may appeal as of right or an interlocutory judgment from which a party may appeal only in the discretion of the Appellate Division. For the reasons discussed below, we conclude that the order in this matter is interlocutory.

I.

The County of Warren owns and operates the Warren Haven Nursing Home. Tammy Moon and others (collectively the plaintiff) allege that in December 2002, Moon's mother, Roberta Smith, fell from her bed at the nursing home and incurred a severe subdural hematoma. Plaintiff claims that the nursing home's negligent failure to provide care and treatment, as well as its negligent delay in transporting Smith to the hospital, caused the death of plaintiff's mother.

One year after Smith's death, in December 2003, plaintiff filed a notice of motion seeking leave to file a late notice of claim, pursuant to *N.J.S.A.* 59:8–9, and a complaint against various defendants, including the nursing home and the County. To assert a claim against a public entity under the New Jersey Tort Claims Act (TCA), *N.J.S.A.* 59:8–1 to –11, a plaintiff must file a notice of claim within ninety days of the accrual of the cause of action. *N.J.S.A.* 59:8–8. However, the TCA provides that, after the ninety day period has expired, plaintiffs may seek leave from the trial court to file a late notice of claim. *N.J.S.A.* 59:8–9. This request must be made within one year of the accrual of the claim, and plaintiff must demonstrate "reasons constituting extraordinary circumstances for his failure to file notice of claim within" the ninety-day period. *Ibid.*

At the conclusion of the hearing on plaintiff's motion, the trial court determined that "extraordinary circumstances existed" and that the "interest of justice" warranted the late filing. More specifically, the trial court found that "Warren Haven, either intentionally or inadvertently, delayed the plaintiff's attempts to gain information concerning the circumstances that surrounded the death of her mother ... [and] may have misled the plaintiff[ ] in[to] thinking that the State was conducting an investigation." The trial court then ordered that plaintiff be permitted to file a late notice of claim.

The County filed a notice of appeal from that order. In the notice, the County responded "yes" to the question: "Have all issues as to all parties been disposed of in this action in the trial court or agency?" In an accompanying civil case information statement, the County listed its primary proposed issue on appeal as the trial court's abuse of discretion in granting plaintiff's motion to file a late notice of claim.

The Clerk of the Appellate Division then wrote to the County and inquired "whether the determination being appealed [was] final." The County replied that the order permitting the late notice of claim was a "final determination which is appealable as of

right." The County also requested, in the alternative, that the Appellate Division grant it leave to appeal nunc pro tunc. In reply, the Clerk of the Appellate Division informed the parties that it was "returning, unfiled, the [notice of appeal] as [the] computer docket [did] not show [that a] ... final judgment, decision or action [had] yet been entered for which an appeal [could have been] filed." However, the clerk also sent the parties a notice of docketing and a scheduling order that outlined a briefing schedule.

Plaintiff filed a motion to dismiss the docketed appeal, contending that the County could not appeal from the interlocutory order because the Appellate Division had not granted the County leave to do so. The Appellate Division agreed with plaintiff and, by order, dismissed the appeal. The court cited *Murray v. Barnegat Lighthouse,* 200 *N.J.Super.* 534, 537, 491 *A.2d* 1290 (App.Div.1985) (finding order granting leave to file late notice of claim under TCA interlocutory), in support of its determination that the appeal was interlocutory, not final. The panel also "reject[ed] the County's alternative argument that [the Appellate Division] should treat its appeal as a motion for leave to appeal (*R.* 2:2–4; *R.* 2:5–6) nunc pro tunc."

We then granted the County's petition for certification. *Moon v. County of Warren,* 181 *N.J.* 286, 854 *A.2d* 920 (2004). The Attorney General of New Jersey, as amicus curiae, also filed a brief in support of the County's argument that the order permitting the late filing of a notice of claim is final.

## II.

A half-century ago, Justice Brennan outlined the policy underlying restrained appellate review of issues relating to matters still before the trial court:

> [O]ne of the fundamental underlying postulates of our present judicial system [is] that a judicial system better serves the public interest by uninterrupted trials than would be the case if final dispositions were suspended pending appellate review of intermediate action in the cause. We favor the ... approach[ ] [that] "lays its stress upon the inconvenience and expense of piecemeal reviews and the strong

public interest in favor of a single and complete trial with a single and complete review...."

[*Trecartin v. Mahony–Troast Constr. Co.,* 21 *N.J.* 1, 5–6, 120 *A.2d* 733 (1956) (quoting *In re Appeal of Pa. R.R. Co.,* 20 *N.J.* 398, 404, 120 *A.2d* 94 (1956)).]

Justice Brennan further cautioned that improvidently hearing appeals during the pendency of trial court proceedings would " 'encourage an unseemly parade to the appellate courts and ... add to the time and expense of administration.' " *Ibid.* (quoting *Dickinson Indus. Site v. Cowan,* 309 *U.S.* 382, 389, 60 *S.Ct.* 595, 599, 84 *L.Ed.* 819, 825 (1940)). More recently, Justice Clifford observed that, in light of that policy, "[t]he emphasis in New Jersey upon an uninterrupted proceeding at the trial level with a single and complete review has resulted in the requirement that an appeal as of right will normally lie only from a ... judgment ... that is final as to all issues and to all parties." Robert L. Clifford, *Civil Interlocutory Appellate Review in New Jersey,* 47 *Law & Contemp. Probs.* 87, 88 (1984) (internal citations omitted).

Although the remarks of Justices Brennan and Clifford arose in circumstances different from those now before us, they provide context for our analysis.

### III.

Under our court rules, "appeals may be taken to the Appellate Division as of right ... from final judgments of the Superior Court trial divisions." *R.* 2:2–3(a)(1). Additionally, "the Appellate Division may grant leave to appeal, in the interest of justice, from an interlocutory order of a court...." *R.* 2:2–4. In this matter, we hold that the trial court order granting a plaintiff's motion to file a late notice of claim under the TCA is interlocutory and not final. It is, therefore, not appealable as of right. Several factors inform our conclusion.

First, and perhaps most fundamentally, this order does not dispose of all issues as to all parties, but merely permits the litigation to proceed. In *Murray, supra,* the Appellate Division explicitly held that an order granting leave to file a late notice of

claim under the TCA was interlocutory because it did not dispose of all the issues as to all the parties. 200 *N.J.Super.* at 535, 491 *A.*2d 1290; *see also Escalante v. Tp. of Cinnaminson,* 283 *N.J.Super.* 244, 247, n. 1, 661 *A.*2d 837 (App.Div.1995) (finding order granting leave to file late notice of claim interlocutory). By definition, an order that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps ... to enable the court to adjudicate the cause on the merits[,]" is interlocutory. *Black's Law Dictionary* 815 (6th ed.1990).

The County relies on *Priore v. State,* 190 *N.J.Super.* 127, 129, 462 *A.*2d 191 (App.Div.1983), for the proposition that the order is final and appealable as of right. There, the Appellate Division held that because "the claimant may or may not proceed with the institution of suit after the six month waiting period," the order "granting leave to file a late notice of claim resolves the only issue in controversy." *Ibid.* Because the motion presented a single issue for the trial court to review, upon resolution of that issue the trial court had disposed of all issues as to all parties.

Because the panel in *Priore, supra,* focused only on the effect of the trial court's decision on the plaintiff's motion rather than its relationship to the entire cause of action, we disagree with that holding. A late notice of claim, followed by a six-month waiting period, is merely the first step a plaintiff takes in pursuing its cause of action. Contrary to the panel's characterization in *Priore,* a motion for leave to file a late notice of claim is like any other pretrial motion that focuses on a single issue; it is an intervening matter that does not resolve the merits of the cause of action. Although the motion pertains to the cause of action, it is not itself the cause of action by which plaintiffs seek redress for their injuries.

Moreover, when determining whether trial courts have properly certified as final certain interlocutory orders relating to separable claims, our appellate courts "have not applied a strict definition of the term 'claim,' " but "[i]nstead ... have focused on the legal

right allegedly violated." Clifford, *supra*, 47 *Law & Contemp. Probs.* at 89–90. Similarly, we will concentrate "on the legal right allegedly violated" when determining whether a trial court has resolved all issues as to all parties. *Id.* at 90. Because we cannot conclude that an order granting plaintiff the opportunity to litigate its claims addresses the legal right purportedly violated, the order is not a final adjudication of all the issues as to all the parties.

For the above reasons, we adopt the holding in *Murray* and overrule *Priore* to the extent that it contradicts our conclusion in this appeal.

Second, the conclusion that an order granting leave to file a late notice of claim is interlocutory avoids piecemeal litigation. We have stated before, and emphasize anew, that "we do not approve of piecemeal adjudication of controversies. Our rules . . . prohibit direct appeal unless final judgment has been entered disposing of all issues as to all parties." *Hudson v. Hudson*, 36 *N.J.* 549, 552–53, 178 *A.*2d 202 (1962); *see also* Pressler, *Current N.J. Court Rules*, comment 2 to *R.* 2:2–3 (1999). Appellate courts avoid premature review of matters because "[t]he interruption of litigation at the trial level[,] by the taking of an unsanctioned appeal[,] disrupts the entire process and is wasteful of judicial resources." *CPC Int'l, Inc. v. Hartford Accident & Indem. Ins. Co.*, 316 *N.J.Super.* 351, 365, 720 *A.*2d 408 (App.Div.1998), *certif. denied*, 158 *N.J.* 73, 726 *A.*2d 937 (1999). Additionally, appeals prior to and during trial waste the time and resources of the parties. A system allowing frequent appeals before or during trial in many cases would result in the separate adjudication of each issue by the trial court and the Appellate Division. The more efficient approach is to continue to vest discretion in the Appellate Division to decide when interlocutory review of non-final judgments is necessary. We find no special justification—not even defendant's status as a protected public entity—sufficient to disregard that well-established policy in this context.

Third, our holding is consistent with the purposes of the notice provision of the TCA. In *Beauchamp v. Amedio,* we stated that the goals of the notice requirement are:

(1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense; (3) to afford the public entity a chance to correct the conditions or practices which gave rise to the claim; and (4) to inform the State in advance as to the indebtedness or liability that it may be expected to meet.

[164 *N.J.* 111, 121–22, 751 *A.*2d 1047 (2000) (internal quotation marks and citations omitted).]

Deeming the order interlocutory fosters uninterrupted litigation and ensures that the judicial system will not interfere with the administrative review and settlement process. This is so because it prohibits defendants from automatically appealing all orders granting motions that seek leave to file late notices of claims. Allowing the State to appeal as of right would have the opposite effect, and would thereby frustrate the first goal of the TCA's notice requirement.

Additionally, prolonged litigation is inimical to the public interest. Appellate review prior to discovery would delay the advancement of the underlying tort claim indefinitely. The postponement of discovery, motion practice, and trial may allow witnesses' memories to fade and evidence to be lost, compromising a fair adjudication on the merits. It would also contravene our public policy disfavoring delay in a claimant's ability to pursue an action against a public entity. Moreover, the taxpayers of New Jersey would bear the increased financial burden that inevitably accompanies extended litigation.

Finally, we note that because New Jersey modeled the TCA after the California Tort Claims Act, California's jurisprudence is instructive in this matter. *See, e.g., Levin v. County of Salem,* 133 *N.J.* 35, 46, 626 *A.*2d 1091 (1993). In *Church v. County of Humboldt,* 248 *Cal.App.*2d 855, 57 *Cal.Rptr.* 79, 81 (1967), the California Court of Appeals construed a provision similar to the one at issue here. It held:

[A] court ruling [a]llowing relief from the untimely filing of a claim[,] which results in a requirement that an action on the claim be filed in the same court within 30 days, is nothing more than a prelude to further proceedings. It must therefore be regarded as interlocutory in nature, and not appealable.

[*Ibid.*]

The California court explained that, for a judgment to be final, it must "determine[ ] the merits of a controversy ... and leave[ ] nothing for future determination or consideration." *Ibid.* Similarly, under New Jersey's TCA, a plaintiff must first file a notice of claim or receive permission to file a late notice of claim. Then, plaintiff may file his or her suit "after the expiration of six months from the date notice of claim is received," but not more than two years after the accrual of the claim. *N.J.S.A.* 59:8–8. Like the California procedure, an order granting leave to file a late notice of claim under the New Jersey TCA leaves something "for future determination or consideration," *Church, supra,* 57 *Cal.Rptr.* at 81, that is, the underlying claim. Contrary to the County's argument, it makes no difference that plaintiffs may or may not file suit after the six-month period; a claim under the TCA is like any other claim that may settle out-of-court and be voluntarily dismissed. The order simply allows the litigation process to commence through informal discovery, pursuant to the remaining guidelines set forth in the TCA. Because the trial court's decision resolves only the first issue, and not all issues related to the cause of action, we conclude that the order granting leave to file a late notice of claim is interlocutory and not final.

## IV.

Although the above considerations lead us to conclude that the order granting the filing of a late notice of claim is interlocutory, we recognize that there exist other policy arguments in favor of treating such orders as final for appeal purposes. Because of those countervailing considerations, which we set forth below, we will refer this matter to our Civil Practice Committee for further consideration.

## A.

The County advances two policy arguments. First, the County maintains that allowing a public entity to appeal an order granting leave to file a late notice of claim would help reduce the financial burden of tort litigation on the public entity. The County and State argue that if a trial court erroneously finds extraordinary circumstances sufficient to warrant a late filing of a notice of claim, that decision should be reviewed as soon as reasonably possible to avoid trial and the accompanying costs. Without an opportunity for immediate review, the public entity would needlessly expend funds and time trying a case that would never have gone to trial had the order been properly denied. Moreover, the trial court would have wasted its resources in adjudicating the merits of the matter.

Second, because the TCA constitutes an exception to the general rule of sovereign immunity that public entities enjoy, treating the order as final for purposes of appeal is consonant with the TCA's overall purpose. Providing a public entity with an immediate appeal ensures that the entity will have an additional opportunity to preserve its traditional immunity.

## B.

As context for our referral of this issue to the Civil Practice Committee, we make several observations concerning *Rule* 2:2–3(a), which governs interlocutory and final appeals.

That rule enumerates several types of trial court decisions that are interlocutory, but which the Appellate Division treats as final and appealable as of right:

> Final judgments of a court, for appeal purposes, shall also include those referred to by *R.* 3:28(f) (order enrolling defendant into the pretrial intervention program over the objection of the prosecutor), *R.* 3:26–3 (material witness order), *R.* 4:42–2 (certification of interlocutory order), *R.* 4:53–1 (order appointing statutory or liquidating receiver), *R.* 5:8–6 (final custody determination in bifurcated matrimonial action), and *R.* 5:10–6 (order on preliminary hearing in adoption action).
> [*R.* 2:2–3.]

The rule does not list a trial court order granting plaintiff leave to file a late notice of claim. To be sure, the list is not exhaustive. Pressler, *Current N.J. Court Rules,* comment on *R.* 2:2–4 (2005) (discussing *R.* 2:2–3(a)). To foster debate about whether we should add orders granting a motion to file a late notice of claim to that list, we refer the matter to our Civil Practice Committee. Indeed, at oral argument, the Attorney General, as amicus, suggested that if the State's view did not prevail in this appeal, it would be "wise" to amend the Rule.

For further guidance to the Committee, we note that, with the exception of certifications of interlocutory orders, there appears to be a common rationale for deeming the orders enumerated in *Rule* 2:2–3 final: avoiding situations in which a party will be substantially prejudiced if an immediate appeal is not allowed. For example, in the case of an order pursuant to a preliminary hearing in an adoption action, *Rule* 5:10–6, "[t]he *self-evident* purpose of th[e] provision [i]s to avoid any untoward delay in the disposition of contested adoption disputes," in which both the interests of the parents and children are at stake. Pressler, *Current N.J. Court Rules,* comment on *R.* 5:10–6 (2005) (emphasis added). A final custody determination under *Rule* 5:8–6 likewise affects, immediately, the status of the family and, in particular, the best interests of the children. Similarly, *Rules* 4:53–1 and 2:2–3(a) treat orders appointing statutory receivers as final because they substantially affect the interests of stockholders, officers, and directors. *See Rothman v. Harmyl Inn, Inc.,* 61 *N.J.Super.* 74, 84, 160 *A.*2d 148 (App.Div.1960) (holding order final because its effect "was the complete crippling of the exercise of corporate functions" by anyone other than appointed receiver).

Finally, a prosecutor may appeal as a matter of right an order enrolling a criminal defendant into pretrial intervention (PTI) over the objection of the prosecutor, pursuant to *Rule* 3:28(f). Such an order is appealable as a matter of right because it alters the criminal justice process and has the potential to harm both parties. Prompt review of a trial court's rejection of the prosecu-

tor's recommendation ensures that the defendant has not been inappropriately released to PTI when he or she should have been prosecuted.

We do not presume to identify all of the considerations that the Committee should examine in making its recommendations. We leave to the Committee's judgment the task of evaluating relevant factors, including the policy arguments discussed in this opinion; the impact that any change will have on plaintiffs and public entities; whether the rationale of *Rule* 2:2–3 applies to orders granting leave to file late notices of claims under the TCA; and any other policy concerns the Committee may have. Finally, because principles of judicial economy also must inform the Committee's recommendation, it should consider the impact of an amendment to the rule on the Appellate Division.

Until the Committee acts and we approve its recommendation, we deem such orders to be interlocutory.

### V.

The Appellate Division rejected the County's alternative request to treat its direct appeal as a timely motion for leave to appeal nunc pro tunc. The decision to grant or deny such a request rests within the sound discretion of the Appellate Division. We thus affirm that holding. *Medcor, Inc. v. Finley,* 179 *N.J.Super.* 142, 144–45, 430 *A.*2d 964 (App.Div.1981) (concluding that Appellate Division has discretion to grant leave to appeal nunc pro tunc when party fails to seek leave to appeal interlocutory order).

### VI.

Because the panel properly dismissed the County's appeal, we affirm the judgment of the Appellate Division.

*For affirmance*—Chief Justice PORITZ and Justices LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA-SOTO—6.

*Opposed*—None.