**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 13-3380, 13-3448 & 13-3449

LAURI HOWE

v.

ROBERT C. LITWACK; LITWACK & KERNAN, LLC;
GRUCCIO, PEPPER, DESANTO & RUTH, PA; TROY FERUS

Lauri Howe,
Appellant in No. 13-3380

Robert C. Litwack; Litwack & Kernan LLC,
Appellants in No. 13-3448

Gruccio, Pepper, DeSanto & Ruth,
Appellant in No. 13-3449

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-12-cv-04480)
District Judge:  Honorable Noel L. Hillman

Argued on March 6, 2014

Before:  AMBRO, JORDAN and ROTH, Circuit Judges

(Filed: August 26, 2014)

Jacklyn Fetbroyt, Esquire
Edward T. Kang, Esquire  (**Argued**)
Gregory H. Mathews, Esquire
Kang, Haggerty & Fetbroyt
123 South Broad Street
Suite 1220
Philadelphia, PA 19109
                    *Counsel for Lauri Howe*


Louis A. Modugno, Esquire
William A. Cambria, Esquire (**Argued**)
McElroy, Deutsch, Mulvaney & Carpenter
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
                    *Counsel for Robert Litwack and Litwack & Kernan, LLC*


William K. Pelosi, Esquire (**Argued**)
Litchfield Cavo LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002
                    *Counsel for Gruccio, Pepper, DeSanto & Ruth, P.A.*

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Plaintiff Lauri Howe filed a complaint against defendants Robert Litwack; Litwack & Kernan, LLC; Gruccio, Pepper, DeSanto & Ruth, P.A. ("Gruccio Pepper"); and Troy Ferus[1] for claims arising under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*., 42 U.S.C. § 1983, the New Jersey

---

[1] Ferus did not appeal or file a brief.  Our reference to "defendants" for purposes of this appeal does not include him.

RICO statute, and New Jersey state law for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence, abuse of process, civil conspiracy, unjust enrichment, and respondeat superior. The District Court dismissed Howe's suit against defendants and denied defendants' motions for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Howe appeals and defendants cross-appeal the District Court's June 30, 2013, order. For the reasons that follow, we will affirm.

## I.      Background

The issues in this case stem from Litwack's role as court-appointed receiver of Howe's companies—Standard Publishing Co., Inc., and Glendale Press LLC (collectively, the Companies)—during her divorce proceedings in New Jersey state court. In 2003, Howe and her then-husband Barry Opromollo bought out the interest in the Companies, held by Howe's mother, brother, and sister, and became sole owners. Howe and Opromollo entered contentious divorce proceedings in 2008, which were later consolidated with an oppressed shareholder suit that Opromollo filed against Howe. On August 3, 2009, the Superior Court, concerned about the equitable distribution of marital assets, appointed Litwack as receiver for the Companies. Litwack served as receiver from August 3, 2009, until January 15, 2011. During that time, Litwack retained a law firm, Gruccio Pepper, to represent him as receiver, and hired Troy Ferus to provide marketing consulting services to the Companies.

It is undisputed that Howe sought removal of Litwack several times before the New Jersey Superior Court during the course of the state divorce proceedings. She petitioned for Litwack's removal on September 16, 2009, arguing that (1) "the court was

3

without jurisdiction to appoint a receiver and that such appointment was improper and invalid," and (2) "the Receiver's actions since his appointment have detrimentally harmed the Plaintiff." In October 2009, the Superior Court denied Howe's motion to vacate its order appointing Litwack as receiver. Howe filed further challenges to Litwack's appointment. In December 2009, for example, Howe filed an Order to Show Cause with Temporary Restraints, alleging again that Litwack had engaged in improper behavior beyond the scope of his duties as court-appointed receiver.

Around that time, Gruccio Pepper, representing Litwack, also filed a motion seeking payment of fees for Litwack's work as receiver. In March 2010, the Superior Court issued an order that addressed the numerous motions and objections filed to date and denied Howe's request to remove Litwack. The Superior Court granted Gruccio Pepper counsel fees and determined that "Litwack's hiring of the Gruccio Firm was reasonable and appropriate under the circumstances." In addition, the Superior Court found that Litwack's "actions have been reasonable and appropriate to maintain and respond to the needs of the Companies" and "were undertaken in good faith to rehabilitate and maintain the Companies." The Superior Court reiterated these findings in subsequent orders. On June 3, 2011, the Superior Court approved and accepted Litwack's final report, discharging him as receiver.

On July 19, 2012, Howe filed her complaint in District Court. The defendants filed motions to dismiss her case based on the *Rooker-Feldman* doctrine,[2] judicial

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

immunity, preclusion principles, and the litigation privilege, and filed motions for sanctions against Howe's attorneys. The District Court dismissed Howe's federal claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, found that the remaining state law claims lack diversity jurisdiction, and declined to exercise supplemental jurisdiction over the remaining state claims. Lastly, it denied defendants' motions for sanctions. Howe appealed the dismissal of her claims and defendants cross-appealed the denial of sanctions.

## II.     Discussion

The District Court had jurisdiction under 28 U.S.C. § 1331, and this Court has jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the district court's dismissal of a complaint for lack of subject matter jurisdiction." *Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 347 (3d Cir. 2012). We review a district court's ruling on a motion for sanctions under Fed. R. Civ. P. 11 for abuse of discretion. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008).

As a threshold matter, we conclude that the District Court misapplied the *Rooker-Feldman* doctrine by reading it too broadly. Under that doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v.-Feldman*, 460 U.S. 462 (1983) – federal courts, other than the Supreme Court, lack "jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). The doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the]state-court judgments'; (3) those

5

judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLC,* 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). However "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which [s]he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Exxon Mobil*, 544 U.S. at 293 (citation omitted).

Howe argues that the *Rooker-Feldman* doctrine does not apply here because she prevailed in the Superior Court when her petition for divorce was ultimately granted and because she neither claims that her injuries were caused by, nor seeks review of, state-court judgments. We have explained that "when the source of the injury is the defendant's actions (and not . . . state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Great Western*, 615 F.3d at 166. Here, even assuming that Howe "lost" in state court, it appears that the injuries she complains of were not caused by state-court judgments but, rather, by Litwack's independent actions, which – to the extent they allegedly went beyond the scope of his authority – were not compelled by any state-court judgment. Therefore, the District Court erred in concluding that it lacked jurisdiction under the *Rooker-Feldman* doctrine.

Nevertheless, we conclude that Howe's claims are clearly barred due to issue preclusion. "We may affirm a district court for any reason supported by the record."

*Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011) (internal citations omitted).

Thus, we will affirm the District Court's decision, even though we do so on a different

ground. *United States v. Perez*, 280 F.3d 318, 337 (3d Cir. 2002).

### A. Issue Preclusion

"If an issue between the parties was fairly litigated and determined, it should not

be relitigated." *First Union Nat. Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 423

(N.J. 2007); *see also* Restatement (Second) of Judgments § 27 (1982): "When an issue of

fact or law is actually litigated and determined by a valid and final judgment, and the

determination is essential to the judgment, the determination is conclusive in a

subsequent action between the parties, whether on the same or a different claim." A

federal court must "look to state law to determine whether issue preclusion is a necessary

consequence of . . . prior state court litigation." *Grimes v. Vitalink Communications

Corp.*, 17 F.3d 1553, 1562 (3d Cir. 1994). Under New Jersey law, the party asserting

issue preclusion must demonstrate:

> (1) the issue to be precluded is identical to the issue decided in the prior
> proceeding; (2) the issue was actually litigated in the prior proceeding; (3)
> the court in the prior proceeding issued a final judgment on the merits; (4)
> the determination of the issue was essential to the prior judgment; and (5)
> the party against whom the doctrine is asserted was a party to or in privity
> with a party to the earlier proceeding.

*First Union*, 921 A.2d at 424; *see also Houbigant, Inc. v. Fed. Ins. Co.*, 374 F.3d 192,

204 (3d Cir. 2004) (applying New Jersey law).

There is no question that Howe is barred from relitigating this case. The Superior

Court issued numerous orders and findings, including that Litwack properly retained

7

Gruccio Pepper and that "Litwack's actions have been entirely appropriate, wise, and completely consistent with the authority granted to him." In addition, the Superior Court approved Litwack's final report without reservation, effectively discharging him as receiver. The record demonstrates that all of Howe's claims in this action relate to issues that were already litigated in the Superior Court.

Applying the second requirement, it is also clear that Howe actively litigated these issues before the Superior Court. The Superior Court, for example, allowed Howe to address her objections to Litwack and issued numerous orders responding to each of Howe's objections. With respect to the third requirement, a receiver's official discharge from his duties operates as a final judgment. *See J.L.B. Equities, Inc. v. Dumont*, 708 A.2d 779, 782 (N.J. Super. Ct. App. Div. 1998), *cert. denied*, 719 A.2d 638 (N.J. 1998) (collecting cases that find an order discharging a receiver is a final judgment); *see also Moon v. Warren Haven Nursing Home*, 867 A.2d 1174, 1180 (N.J. 2005). Fourth, the resolution of Howe's allegations against Litwack was essential to his discharge and the Superior Court's acceptance of his final report, which were, in turn, essential to Howe's divorce judgment. And, finally, Howe was a party in the Superior Court action.

Thus, we find that Howe's claims are barred by issue preclusion.[3]

---

[3] Howe also argues that the District Court erroneously dismissed her state law claims, with prejudice, for lack of diversity jurisdiction. The District Court, however, clearly dismissed the state law claims *without* prejudice. An order dismissing a complaint without prejudice is final if the plaintiff has elected to stand on her complaint. *Frederico v. Home Depot*, 507 F.3d 188, 192-93 (3d Cir. 2007). We conclude that the District Court's dismissal of the state law claims was not appealable because Howe did not elect to stand on the dismissed complaint. To the contrary, Howe contends that she should have had leave to amend, which reflects an intent to amend her complaint. But, as

8

**B.     Sanctions**

We will also affirm the District Court's denial of defendants' motions for sanctions under Rule 11.[4]  Rule 11 requires that counsel certify that (1) any pleading or motion was not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) the legal assertions are "warranted by existing law or by a nonfrivolous argument;" (3) "the factual contentions have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (4) "the denials of factual contentions are warranted on the evidence" or "reasonably based on belief or a lack of information."  Fed. R. Civ. P. 11(b).  The "central purpose of Rule 11 is to deter baseless filings."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  "[T]he mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation."  *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).  For a Rule 11 violation, the "standard for testing an attorney's conduct is that of what was objectively reasonable under the circumstances," which requires the attorney to "conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation."  *Id.* (internal

---

discussed, Howe's complaint was dismissed without prejudice; thus, she did have leave to amend or could have requested it.  Regardless, we find that issue preclusion bars these claims for the same reasons stated above.

[4] The District Court also determined that Howe's attorney did not violate 28 U.S.C. § 1927.  Gruccio Pepper appeals, but we will affirm because Howe's attorney did not act with the requisite bad faith for sanctions under § 1927.  *See Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991).

quotation marks and citations omitted); *see also Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

We conclude that the District Court did not abuse its discretion in denying defendants' motions for sanctions. Howe's attorney, Edward T. Kang, submitted an affidavit averring that Howe's complaint was not filed for an improper purpose, such as to harass, delay, or increase the cost of litigation, that the claims are warranted by existing law and nonfrivolous, and that the factual contentions contain evidentiary support. The affidavit reflects that Kang conducted more than 100 hours of research and, along with co-counsel, spent more than 200 hours reviewing documents in the Superior Court action prior to filing the complaint. Kang also obtained an Affidavit of Merit.

Defendants also contend that the District Court incorrectly limited its analysis of sanctions to Howe's federal claims barred by the *Rooker-Feldman* doctrine. Even if we credit this argument, however, or consider the matter *de novo* as Gruccio Pepper suggests, we would conclude that any award of sanctions should be similarly denied with respect to the other claims. Thus, the District Court did not abuse its discretion or err in denying Defendants' motion for sanctions.

## III. Conclusion

For the foregoing reasons, we will affirm.