**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4725-16T1

ALI BADR,

    Plaintiff-Appellant,

v.

LUIS E. COLON,

    Defendant-Respondent.

_____

Argued May 30, 2018 — Decided June 21, 2018

Before Judges Carroll and DeAlmeida.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Docket No. L-
2747-15.

Greg D. Shaffer argued the cause for appellant
(Brandon J. Broderick, attorney; Brandon J.
Broderick, on the brief).

Thomas F. McGuane argued the cause for
respondent (McElroy, Deutsch, Mulvaney &
Carpenter, LLP, attorneys; Thomas F. McGuane
and Joseph G. Fuoco, of counsel and on the
brief).

PER CURIAM

    Plaintiff Ali Badr appeals an order entered by the Law

Division on May 12, 2017, denying his motion for reconsideration

of an order denying his motion to reinstate his complaint, which was dismissed for failure to comply with the physician's certification requirement in N.J.S.A. 39:6A-8(a). We reverse and remand.

I.

Plaintiff alleges that he was injured in a motor vehicle accident as a result of the negligent acts of defendant Luis E. Colon. Plaintiff's insurance coverage is subject to a limited threshold option that exempts a negligent driver from tort liability for non-economic injuries unless plaintiff "has sustained . . . a permanent injury within a reasonable degree of medical probability . . . ." N.J.S.A. 39:6A-8(a). "An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.

To maintain a claim for non-economic damages, plaintiff is required to produce a physician's certification of permanency of injury. N.J.S.A. 39:6A-8(a) provides, in pertinent part:

> In order to satisfy the tort option provisions of this subsection, the plaintiff shall, within [sixty] days following the date of the answer to the complaint by the defendant, provide the defendant with a certification from a licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. The certification shall state,

under penalty of perjury, that the plaintiff has sustained an injury described above. The certification shall be based on and refer to objective clinical evidence . . . . The court may grant no more than one additional period not to exceed 60 days to file the certification pursuant to this subsection upon a finding of good cause.

A person is guilty of a crime of the fourth degree if that person purposefully or knowingly makes, or causes to be made, a false, fictitious, fraudulent, or misleading statement of material fact in, or omits a material fact from, or causes a material fact to be omitted from, any certification filed pursuant to this subsection.

On June 26, 2015, plaintiff filed a complaint against defendant alleging that he suffered serious and permanent injuries as a result of defendant's negligent operation, maintenance, or repair of his vehicle on June 28, 2013. The complaint alleges that plaintiff complied with the requirements of N.J.S.A. 39:6A-8(a) and that a "copy of the Physician's Certificate of Merit is attached" to the complaint. There was, however, no attachment to the complaint.

On September 8, 2015, defendant filed an answer. Plaintiff did not file a physician's certification of permanency of injury within 60 days of the filing of defendant's answer. Nor did plaintiff seek an extension of the filing deadline.

Discovery proceeded in the ordinary course. Ultimately, the court set a discovery end date of September 2, 2016. On August

11, 2016, plaintiff produced the report of a physician designated by plaintiff as a potential expert witness. The report is not in certification form. In addition, the author is not a treating physician or a board-certified physician to whom plaintiff was referred by a treating physician, but is a physician designated to serve as plaintiff's expert witness. However, the report describes some of plaintiff's injuries as permanent, details the clinical data on which it is based, and ends with a statement that the physician is aware that it is a fourth degree crime to purposely and knowingly made a false statement in the report.

On October 27, 2016, the matter was submitted to non-binding arbitration. The arbitrator found no cause of action because of plaintiff's failure to submit a physician's certification of permanency of injury pursuant to N.J.S.A. 39:6A-8(a).

Approximately two months later, plaintiff still had not submitted a physician's certification. As a result, on December 21, 2016, defendant moved to dismiss the complaint for plaintiff's failure to comply with N.J.S.A. 39:6A-8(a).

In response to the motion, on January 17, 2017, plaintiff submitted what purported to be a physician's certification of permanency of injury. The certification, signed by a chiropractor, stated, in relevant part:

4                                                    A-4725-16T1

> The [p]laintiff, Ali Badr, as a result of a
> motor vehicle accident on 06/28/2013,
> sustained the following injuries: See
> diagnosis in my attached report. Such
> injuries have resulted in permanent injury.
> Permanent injury means a body part or organ
> or both has not healed to function normally
> and to medical probability will not heal to
> function normally with further medical
> treatment.
>
> This certification is based upon the following
> objective clinical evidence: See my attached
> narrative report which I hereby incorporate
> by reference.

There was, however, no report attached to the certification.

On January 18, 2017, plaintiff served an amended physician's certification from the chiropractor. The only change from the prior version of the certification is that "See diagnosis in my attached report" was redacted and replaced with the handwritten notation "Disc Herniation C5-6 Disc Bulging C4-5." The amended certification still stated that it was "based on the following objective clinical evidence: See my attached narrative report which I hereby incorporate by reference." No report, however, was attached.

On January 20, 2017, the trial court granted defendant's motion and dismissed the complaint without prejudice.

On February 21, 2017, plaintiff moved to reinstate the complaint. The motion papers did not include a new physician's

certification.    Instead, plaintiff reiterated that the amended certification had been submitted in response to the motion.

On March 17, 2017, the trial court denied plaintiff's motion. The court stated its reasoning as follows:

> Plaintiff failed to satisfy the requirements of N.J.S.A. 39:6A-8.    Plaintiff failed to timely submit a Certificate of Merit within the applicable time period.    Certificate of merit was submitted over an entire year past due and as such [p]laintiff did not comply with the statute.

On April 7, 2017, plaintiff moved for reconsideration.    In his moving papers, plaintiff characterized the court's March 17, 2017 order as interlocutory and relied on Rule 4:42-2.    He argued that because his failure to timely submit a physician's certification was a procedural deficiency, the court should have imposed a lesser sanction, and allowed his substantive claims to be heard.    In support of its position, plaintiff relied primarily on our holding in Watts v. Camaligan, 344 N.J. Super. 453 (App. Div. 2001), and argued, as he had in support of his motion to reinstate the complaint, that he complied with N.J.S.A. 39:6A-8(a) when he submitted the amended certification to the court.    His moving papers did not address the deficiency in the amended certification.

On May 12, 2017, the trial court denied plaintiff's motion for reconsideration.    The court expressed the view that it did not

have discretion to impose a sanction other than dismissal of the complaint. In response to plaintiff's argument that the late submission of a physician's certification is a procedural lapse that does not warrant dismissal when a less drastic remedy would satisfy the statute's objectives, the court stated:

> I don't disagree with that assessment, and . . . perhaps, philosophically, I agree with you . . . but based upon the case law, and the rules . . . I do[ not] think I have any discretion. . . . [N]othing would make me happier if you take this up and get me overruled. . . . Because . . . under the current state of the law, I do[ not] think I have the discretion. The statute is very strict that it must be filed within 120 days or the case must be dismissed. . . . [F]ailure to file that affidavit of merit within the strict requirements of [N.J.S.A.] 39:6A-8 warrants a dismissal of this case, and it will die on a motion based upon that simple fact.

This appeal followed. Plaintiff's notice of appeal was late, requiring a motion to accept the notice of appeal as if it had been filed in a timely fashion. On August 10, 2017, this court granted plaintiff's motion, but limited his appeal to the May 12, 2017 order denying plaintiff's motion for reconsideration. The court found that plaintiff's notice of appeal was "inexcusably untimely as to the prior orders" of the trial court.

II.

We begin our analysis with the observation that the standards set forth in Rule 4:49-2 and Rule 4:50-1 should have guided resolution of plaintiff's motion for reconsideration. Plaintiff's characterization of the March 17, 2017 order as interlocutory was incorrect. As the Supreme Court explained, "[b]y definition, an order that 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause[,] and which requires further steps . . . to enable the court to adjudicate the cause on the merits[,]' is interlocutory." Moon v. Warren Haven Nursing Home, 182 N.J. 507, 512 (2005) (quoting Black's Law Dictionary 815 (6th ed. 1990)); see also Wein v. Morris, 194 N.J. 364 (2008). The March 17, 2017 order, which denied plaintiff's motion to reinstate the complaint that had been dismissed without prejudice, resolved all claims as to all parties, and was a final order.

Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and

8

shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

Rule 4:50-1 sets forth the grounds on which a party may be relieved from operation of a final judgment:

On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

An application to set aside an order pursuant to Rule 4:50 is addressed to the motion judge's sound discretion, which should be guided by equitable principles. Hous. Auth. v. Little, 135 N.J. 274, 283 (1994). A trial court's determination under Rule 4:50-1 is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. US Bank

<u>Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012). To warrant reversal of the court's order, plaintiff must show that the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>Ibid.</u> (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007) (internal quotations omitted)).

The only subsection of <u>Rule</u> 4:50-1 under which plaintiff arguably could have sought relief is subsection (f). Relief under subsection (f) is available only when "truly exceptional circumstances are present." <u>Hous. Auth.</u>, 135 N.J. at 286 (citation omitted). "The movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." <u>Johnson v. Johnson</u>, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted).

In determining whether a party should be relieved from a judgment or order, courts must balance "the strong interests in the finality of litigation and judicial economy with the equitable notion that justice should be done in every case." <u>Jansson v. Fairleigh Dickinson Univ.</u>, 198 N.J. Super. 190, 193 (App. Div. 1985). Where a procedural violation is involved, additional considerations are implicated, namely, "'[t]he defendant's right to have the plaintiff comply with procedural rules[, which] conflicts with the plaintiff's right to an adjudication of the

controversy on the merits.'" <u>Abtrax Pharms. v. Elkins-Sinn</u>, 139 N.J. 499, 513 (1995) (quoting <u>Zaccardi v. Becker</u>, 88 N.J. 245, 252 (1982)). In all cases, however, "'justice is the polestar and our procedures must ever be moulded and applied with that in mind.'" <u>Jansson</u>, 198 N.J. Super. at 195 (quoting <u>New Jersey Highway Auth. v. Renner</u>, 18 N.J. 485, 495 (1955)).

In addition to reiterating the arguments he made before the trial court, plaintiff argues for the first time on appeal that the expert report he produced during discovery, in effect, satisfied N.J.S.A. 39:6A-8(a). Plaintiff argues the trial court should have reconsidered its decision not to reinstate the complaint because he substantially complied with the statute. Plaintiff also argues that the trial court mistakenly concluded that it lacked discretion to reinstate a complaint where a physician's certification was not timely filed.

We agree that the trial court took too narrow a view of its authority. As the Supreme Court explained in <u>Casinelli v. Manglapus</u>, 181 N.J. 354, 356 (2004),

> we view the late filing of the physician certification as akin to a discovery violation, with respect to which the court may resort to any of a full panoply of remedies, ranging from an order to compel production through dismissal, depending on the facts.

The Court continued,

in the vast majority of cases in which an attorney has simply slipped up and missed the filing date for an otherwise acceptable physician certification . . . there is no statutory bar to continuation of the lawsuit. Rather, the physician certification is belatedly produced evidence supporting the otherwise cognizable claims advanced in the complaint. In such circumstances, we can see no warrant for adopting as mandatory the dismissal without prejudice remedy . . . .

[Id. at 365.]

Instead,

the court has available to it, along with dismissal, where warranted, discovery-type sanctions such as orders to compel, the award of reasonable expenses incurred in obtaining the certification, and counsel fees. See R. 4:23-1 to -5. In each case, the court should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the certification, the proximity of trial, and prejudice to the adversary, and apply the appropriate remedy. That methodology provides judges with discretion to choose a response that is proportionate to the procedural stimulus; saves for trial the meritorious claims of truly injured victims; and allows dismissal of cases in which a plaintiff cannot or will not supply a certification or in which a plaintiff's conduct has irremediably prejudiced the defendant.

The bedrock of our conclusion is the legislative purpose behind the physician certification requirement . . . . [T]he certification serves two purposes; to provide evidence that a plaintiff's claim is meritorious in that he or she has, in fact, sustained an injury that qualifies for the recovery of non-economic damages . . . and to

12

thwart fraud by furnishing a legal foundation for a charge of perjury, should false swearing later be shown. By allowing courts the flexibility to accept belated physician certifications, under appropriate circumstances, both of [the statute's] aims are advanced . . . .

[Id. at 365-66.]

It was, therefore, a mistaken exercise of discretion for the trial court to have concluded that it could not grant plaintiff's motion for reconsideration because the late filing of a physician's certification mandated dismissal of plaintiff's complaint. The court's decision "rested on an impermissible basis," Guillaume, 209 N.J. at 467, warranting reversal of the May 12, 2017 order, and "truly exceptional circumstances," Rule 4:50-1(f), warrant reconsideration of the March 17, 2017 order. The matter, therefore, is remanded for reconsideration of the March 17, 2017 order.

We do not offer an opinion with respect to whether reinstatement of the complaint is warranted. When reconsidering its March 17, 2017 order, the trial court must weigh the factors set forth in Casinelli, including whether the amended chiropractor certification was "otherwise acceptable," despite any deficiency claimed by defendant, and whether a less drastic remedy than dismissal of the complaint would satisfy the statute's objectives. In addition, we note that in Casinelli the Supreme Court left open

the question of whether a party may avoid dismissal of its complaint for failure to file a timely physician's certification under the doctrines of substantial compliance and equitable estoppel. 181 N.J. at 367. Plaintiff may advance these arguments based on his production of a physician's expert report during discovery.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4725-16T1