148 N.J. Super. 99 (1977)
371 A.2d 1271
IN THE MATTER OF CARMELLA TOMARCHIO, PERS #120,882, APPEAL OF VINCENT TOMARCHIO.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1977.
Decided February 14, 1977.
*100 Before Judges LORA, CRANE and MICHELS.
Messrs. Falciani & DiMuzio, attorneys for appellant (Mr. Angelo J. Falciani, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Stacy L. Moore, Jr., Deputy Attorney General, on the brief).
The opinion of the Court was delivered by CRANE, J.A.D.
This is an appeal from a determination of the Board of Trustees of the Public Employees' Retirement System. The Board denied appellant's application for an accidental death benefit allowance brought after the death of his wife pursuant to N.J.S.A. 43:15A-49(b). The Board concluded that the applicant did not meet the statutory definition of "widower" contained in N.J.S.A. *101 43:15A-6(g) because he did not establish that he had received at least one-half of his support from his wife during the 12-month period immediately preceding the accident which caused her death.
The applicant testified that in the year preceding his wife's death his income consisted of wages amounting to $14,889.81 while his wife's income was $8,066. The Board rejected his contention that the pecuniary value of his wife's homemaking and other personal services should be computed and taken into account in arriving at a comparison of support under the statute. It used a formula based upon the gross income of both husband and wife. Great weight is to be accorded to the interpretation of statutory language by an administrative agency. Pringle v. N.J. Dept. of Civil Service, 45 N.J. 329, 332-333 (1965). We find the interpretation to be reasonable and in accord with the generally accepted meaning of the language. N.J.S.A. 1:1-1; Fahey v. City of Jersey City, 52 N.J. 103, 107 (1968). The construction urged by the applicant would distort the plain meaning of the statutory language and give it greater effect than the language requires. Matthews v. Irvington Bd. of Ed., 31 N.J. Super. 292, 296 (App. Div. 1954).
The applicant argues further that the Public Employees' Retirement System, in failing to allow for the disparate incomes of men and women when calculating compulsory contributions to the pension fund, takes the property of female members without due process of law. We find no merit in the contention. The rate of contribution for female members is minimally higher than that of male members because of the statistical fact that women live longer than men. Such a classification founded on a reasonable basis does not violate the due process or equal protection provisions of the New Jersey or the United States Constitutions. Snedeker v. Bd. of Review, 139 N.J. Super. 394 (App. Div. 1976). The definitions of "widow" and "widower" in N.J.S.A. 43:15A-6 are virtually identical. In *102 order to qualify for accidental death benefits the surviving spouse, of whatever sex, must have been receiving at least one-half of his support from the deceased member for the 12 months preceding death. Thus, there is no discrimination in the statutory scheme. A gender-based distinction which the applicant suggests should be required would be violative of the Equal Protection and Due Process Clauses of the United States Constitution. Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).
Affirmed.