179 N.J. Super. 142 (1981)
430 A.2d 964
MEDCOR, INC., PLAINTIFF-APPELLANT,
v.
JOANNE E. FINLEY, M.D., M.P.H. COMMISSIONER OF THE NEW JERSEY STATE DEPARTMENT OF HEALTH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1981.
Decided May 22, 1981.
*143 Before Judges FRITZ, POLOW and JOELSON.[1]
Evan William Jahos argued the cause for appellant (Wood, Jahos, Broege & Wight, attorneys).
Charlotte Kitler, Deputy Attorney General, argued the cause for respondent (James R. Zazzali, Attorney General of New Jersey, attorney; John J. Degnan, former Attorney General of New Jersey; Erminie L. Conley, Assistant Attorney General, of counsel).
The opinion of the court was delivered by POLOW, J.A.D.
*144 Plaintiff appeals from the determination of the State Commissioner of Health that a hearing was not required to ascertain whether its mobile "multiphasic health testing" services are subject to the regulatory provisions of the Health Care Facilities Planning Act, N.J.S.A. 26:2H-1 et seq. We agree with the Commissioner and affirm.
Medcor offers automated testing using mobile vans and medical screening equipment. It performs such medical testing services as blood pressure readings, chest x-rays, urinalyses and electrocardiograms, among others. Test results and the medical history supplied by the participant are compiled in a "health profile" reviewed by Medcor's staff medical personnel and which is then forwarded to the individual or his or her personal physician. The Commissioner found that Medcor is a facility providing "standard categories of health care services" for which a certificate of need is required. N.J.S.A. 26:2H-7.
Based upon a recommendation of the Statewide Health Coordinating Council (N.J.S.A. 26:2H-2 g), Commissioner Finley denied Medcor's application for a certificate of need. Medcor was permitted an opportunity for a hearing on the denial prior to final action by the Health Care Administration Board. N.J.S.A. 26:2H-9. On the scheduled hearing date Medcor sought reconsideration of the basic jurisdictional issue, i.e., whether its services are within the scope of the Health Care Planning Facilities Act and thus subject to regulation. Plaintiff's demand for consideration of the jurisdictional issue was denied. To enable plaintiff to test the jurisdictional question, the administrative hearing on the certificate of need was dismissed without prejudice. We conclude that there was no final appealable order disposing of all issues as to all parties. Hudson v. Hudson, 36 N.J. 549, 552-553 (1962); Delbridge v. Jann Holding Co., 164 N.J. Super. 506, 509 (App.Div. 1978). Hence, this appeal is interlocutory and leave to appeal should have been but was not sought. Nevertheless, we conclude that the interests of justice *145 here are best served by the exercise of our discretion to grant leave to appeal nunc pro tunc. R. 2:2-3(b); R. 2:4-4(b)(2); Rybeck v. Rybeck, 150 N.J. Super. 151, 155 (App.Div. 1977) cert. den. 75 N.J. 30 (1977). We will, therefore, deal with the substantive issue.
The questionnaire submitted by Medcor describes its services as "Multiphasic Health Testing ... using mobile testing units, primarily sponsored by national organizations." The "battery of tests" listed are all of a medical nature. The questionnaire further explains that the "health profile," including test results and the participant's medical history, "is reviewed by Medcor's medical doctor, a N.J. physician. Diagnosis and treatment is only performed by the individual's own physician."
The act requires that no health care facility shall be constructed or expanded, and no health care services shall be instituted, except upon application for and receipt of a certificate of need. N.J.S.A. 26:2H-7. A health care facility is defined as a
... facility or institution ... engaged principally in providing services for ... diagnosis or treatment of human disease.... [N.J.S.A. 26:2H-2a]
A health care service is defined as the
... preadmission ... care provided in or by a health care facility, ... which are provided by or under the supervision of a physician for the purpose of ... diagnosis or treatment of human disease, . .. . [N.J.S.A. 26:2H-2b]
Administrative regulations, promulgated by the Commissioner pursuant to her statutory powers (N.J.S.A. 26:2H-5 b), set forth a list of services which are considered "health care services," and which, when provided by a "health care facility," require that facility to obtain a certificate of need. Free standing health screening centers and mobile multiphasic health testing services are included within those standard categories of health care services. N.J.A.C. 8:33-1.1 et seq. An administrative agency's interpretation of the statute it must enforce is entitled to great weight. In re Application of Saddle River, 71 N.J. 14, 24 (1976); In re Tomarchio, 148 N.J. Super. 99, 101 (App.Div. 1977).
The statutory provisions and the regulations properly promulgated thereunder are unambiguous. Performance by *146 Medcor of multiphasic health testing, which it describes as having been "designed to detect anatomical and physiological abnormalities/disorders as early as possible," without question supports the jurisdictional determination of the Commissioner. Medcor is a facility engaged "principally in providing services for ... diagnosis or treatment of human disease...." N.J.S.A. 26:2H-2 a. It certainly provides health care services by way of "services for ... diagnosis," if not by way of actual diagnosis of human disease. N.J.S.A. 26:2H-2 b. The issue is therefore not "susceptible to the receipt of evidence." Cunningham v. Civil Service Dep't, 69 N.J. 13, 22 (1975).
Our decision in Marsh v. Finley, 160 N.J. Super. 193 (App.Div. 1978), cert. den. 78 N.J. 396 (1978), upon which appellant relies, is inapposite. We found there that the purchase of a Computerized Axial Tomography (CAT) scanner by a private physician for use in his own private practice is expressly excluded from operation of N.J.S.A. 26:2H-2 b. Id. 160 N.J. Super. at 196.
We conclude that Medcor is unquestionably a "facility" subject to the Health Care Facilities Planning Act and we agree with the commissioner that no hearing was required for that determination.
Affirmed.
NOTES
[1] This appeal was argued before Judges Fritz and Polow. Thereafter, counsel for the parties consented to have Judge Joelson participate without further argument.