(3) It has no list of requesters because it is not mailed.

(4) It consists of 20, not 24 pages as required by the Manual to be a requester publication.

*Avance* deviates from the Legislature's definition of a newspaper in only minor respects. The fact that Avila has not applied for a second-class mail permit is a matter of form, not substance. The Legislature surely did not intend to disqualify a paper simply because it is not mailed. *Avance* satisfies the essential criteria for obtaining a second-class mail permit. In terms of the strong legislative policy behind the privilege, it is of no moment that *Avance* consists of 20 and not 24 pages.

The express statutory requirement that a newspaper have a paid circulation and the second-class mail requirement that a free publication have a list of "requesters" reflect the Legislature's concern for evidence that the paper will be read. Here, that evidence is the fact that 25,000 people a week deliberately pick up copies of *Avance*. *Avance* is "similar" to a "newspaper" and therefore qualifies as a news medium entitling Avila to assert the newsperson's privilege.

The order appealed from is affirmed.

GLORIA SKRYHA, EXECUTRIX OF THE ESTATE OF WALTER SKRYHA, DECEASED, AND GLORIA SKRYHA, INDIVIDUALLY, PLAINTIFF-APPELLANT, v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 13, 1985—Decided December 6, 1985.

Before Judges PRESSLER, DREIER and GRUCCIO.
*Michael R. Justin,* attorney for appellant.

*Shackleton, Hazeltine & Buczynski,* attorneys for respondent (*James Den Uyl,* on the letter-brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

This appeal poses a novel question respecting the interrelationship of benefits afforded by the Workers' Compensation Law, *N.J.S.A.* 34:15–1, *et seq.,* and the Automobile Reparation Reform Act (no fault law), *N.J.S.A.* 39:6A–1, *et seq.* More specifically, the issue before us is whether the collateral source rule of *N.J.S.A.* 39:6A–6 bars the recovery of survivor's essential services benefits by the widow of a decedent whose accidental death also entitles her to death benefits under the Workers' Compensation Law. We hold that it does not.

The facts are simple and entirely undisputed. Walter Skryha, a mechanic employed by Twin Boro Ford, was involved in a fatal collision while test driving a customer's automobile. His widow, plaintiff Gloria Skryha, applied for and received workers' compensation death benefits consisting of funeral expenses in the amount of $2,000 and, pursuant to *N.J.S.A.* 34:15–13, 50% of his weekly wages, calculated pursuant to *N.J.S.A.* 34:15–37, for 450 weeks.[1] Plaintiff also sought to recover personal injury protection (PIP) benefits from the family's automobile liability carrier, defendant Pennsylvania National Mutual Insurance Company. The carrier refused payment, relying on *N.J.S.A.* 39:6A–6, which relieves the no-fault carrier from its obligation to pay those PIP benefits which are collected under workers' compensation insurance. Its claim was that all those PIP benefits afforded by *N.J.S.A.* 39:6A–4 to which plaintiff was

---

[1]As the payments were described by the workers' compensation carrier:

[W]e are obligated to pay her $210 per week (50% of his average weekly wage), for 450 weeks from date of death unless she remarries. After that period, any earnings she may have will be deducted from the $210 figure. As of the time of the summary judgment motions hereafter referred to, survivor benefits in the amount of $16,792 had been paid.

entitled were collectible under workers' compensation insurance.

Plaintiff accordingly instituted this action for recovery of PIP benefits, and both parties filed motions for summary judgment. By that time plaintiff had confined her claim to benefits for essential services and funeral expenses. Defendant's motion for judgment dismissing the complaint was granted, the trial judge concluding that both of these benefits were collectible under workers' compensation insurance. We agree with respect to the funeral expenses but disagree as to essential services benefits.

"Essential services" benefits are defined by *N.J.S.A.* 39:6A–2(b) as "those services performed not for income which are ordinarily performed by an individual for the care and maintenance of such individual's family or family household." This is obviously, therefore, a quite distinct category from "income," which is defined as "salary, wages, tips, commissions, fees and other earnings derived from work or employment." *N.J.S.A.* 39:6A–2(c). The benefits afforded by *N.J.S.A.* 39:6A–4(a), (b), (c), (d) and (e), respectively, are for medical expenses, income continuation, essential services, death benefits, and funeral expense benefits. The death benefits provided for by *N.J.S.A.* 39:6A–4(d) incorporate the benefits of section (b) (income continuation) and section (c) (essential services). Thus section (d) affords the survivor compensation both for the loss of the decedent's income and for the loss of the decedent's performance of essential services. These are separate and distinct components of "death benefits," section (d) providing in full that:

In the event of the death of an income producer as a result of injuries sustained in an accident entitling such person to benefits under section 4 of this act, the maximum amount of benefits which could have been paid to the income producer, but for his death, under section 4 b. shall be paid to the surviving spouse, or in the event there is no surviving spouse, then to the surviving children, and in the event there are no surviving spouse or surviving children, then to the estate of the income producer.

In the event of the death of one performing essential services as a result of injuries sustained in an accident entitling such person to benefits under section 4 c. of this act, the maximum amount of benefits which could have been paid such person, under section 4 c., shall be paid to the person incurring the expense of providing such essential services.

The maximum benefits for the income loss, as provided for by paragraph (b), are $5,200, and the maximum benefits for essential services, as provided for by paragraph (c), are $4,380.

It was apparently the view of the trial judge that since the separate categories of income benefits and essential services benefits are together denominated as "death benefits" by the caption of section (d), all of the benefits thereby afforded are collectible under workers' compensation insurance. This conclusion is patently incorrect.

The survivor's benefits provided for by the Workers' Compensation Law are limited to a percentage of the decedent's wages plus medical and hospital expenses and a maximum of $2,000 for funeral expenses. No provision is made in the Workers' Compensation Law for compensating a surviving dependent for the loss of the uncompensated services which the decedent rendered to his family. Indeed, the Supreme Court in *Tomarchio v. Township of Greenwich*, 75 *N.J.* 62 (1977), expressly recognized that such services do not constitute any part of workers' compensation death benefits.

In *Tomarchio*, a widower sought to recover under workers' compensation insurance not only the statutorily allowed percentage of his wife's wages but also the value of her services as a homemaker—precisely the services intended by the no-fault law to be encompassed by the essential services benefits provision and services which are identical in nature to those which the plaintiff seeks here to recover from the PIP carrier. In rejecting the widower's claim, the Supreme Court explained that:

Petitioner's position, however, is contrary to the plain language of *N.J.S.A.* 34:15–13 which limits the compensation base to "wages," defined as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident." *N.J.S.A.* 34:15–37. Furthermore, work-

ers' compensation is a system of placing the cost of employment related disability on the industry in which it occurs. Homemaking services by their nature lack that nexus to the employment relationship required by the statutory scheme. *Cf. Ricciardi v. Damar Products Co.,* 45 *N.J.* 54, 64 n. 2 (1965). In addition, with respect to a spouse's contributions to the household, we see no analogy between workers' compensation death benefits and civil damages recoverable by next of kin for wrongful death or awards based upon equitable distribution in the matrimonial field. In this vein, we note the Appellate Division recently rejected this petitioner's claim that the value of the decedent's homemaking services should be considered in computing the accidental death benefit allowance under *N.J.S.A.* 43:15A–49(b). *Matter of Tomarchio,* 148 *N.J.Super.* 99 (App.Div.1977).

[*Id.* at 79–80]

*See also Muschette v. Gateway Ins. Co.,* 76 *N.J.* 560 (1978), making clear the distinction between death benefits based on income continuation and death benefits based on essential services.

■   It is therefore plain that the essential services benefits afforded by the no-fault law are not collectible under workers' compensation insurance. *Cf. Wagner v. Transamerica Ins. Co.,* 167 *N.J.Super.* 25, 33 (App.Div.1979). Hence *N.J.S.A.* 39:6A–6 interposes no bar to their recovery under PIP coverage by a worker's survivor.

■   We are, however, satisfied plaintiff cannot recover funeral expenses from the PIP carrier. As we have noted, *N.J.S.A.* 39:6A–4(e) provides for payment to a deceased insured's estate of all reasonable funeral expenses subject to a $1,000 maximum. Plaintiff has recovered $2,000 for funeral benefits under workers' compensation insurance. *N.J.S.A.* 39:6A–6 requires benefits collectible under workers' compensation insurance to be deducted from the benefits collectible under *N.J.S.A.* 39:6A–4. Since the workers' compensation maximum exceeds the PIP maximum for funeral expenses, the PIP carrier is clearly relieved from that payment.

■   We are also satisfied that plaintiff is entitled to statutory interest pursuant to *N.J.S.A.* 39:6A–5(c) on the unpaid essential services benefits and may also apply for attorney's fees. *Maros v. Transamerica Ins. Co.,* 76 *N.J.* 572, 579 (1978).

The summary judgment in favor of defendant dismissing the complaint is reversed. The denial of plaintiff's motion for summary judgment is also reversed, and we remand to the trial court for entry of judgment in plaintiff's favor for the maximum allowable survivor's benefits for loss of essential services, together with interest thereon calculated pursuant to *N.J.S.A.* 39:6A–5. On the remand, plaintiff may apply for counsel fees pursuant to *R.* 4:42–9.