**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1727-22

ADAR ALEPH, LLC,

     Plaintiff-Appellant,

v.

TDJP PROPERTIES, LLC,

     Defendant-Respondent.

_____

Submitted January 30, 2024 – Decided February 16, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2118-22.

Law Office of Michael C. Schonberger, LLC, attorneys for appellant (Michael C. Schonberger, of counsel and on the briefs).

Law Offices of Honig & Greenberg, LLC, attorneys for respondent (Adam D. Greenberg, on the brief).

PER CURIAM

Plaintiff Adar Aleph, LLC (Adar) appeals from a December 16, 2022 Law Division order, which granted defendant TDJP Properties, LLC's (TDJP) motion to dismiss Adar's complaint for failure to state a claim. We affirm.

These parties are before us for a second time. In our prior opinion, we detailed the relevant facts and procedural history regarding the parties' underlying tax sale foreclosure. See TDJP Properties, LLC, v. Adar Aleph, LLC, No. A-1198-20 (App. Div. Apr. 13, 2022) (slip op. at 2-5). Therefore, we only recite the salient facts here.

I.

TDJP initiated a tax sale foreclosure as the assignee of a tax sale certificate for Adar's property in Barnegat. Id. 2-3. The Chancery judge entered final judgment in favor of TDJP after Adar failed to answer the complaint. Id. at 3. When TDJP acquired the property, it was vacant and dilapidated. The property had no working utilities, a faulty roof, and major interior damage.

After TDJP began repairing the property, Adar moved to vacate final judgment and redeem the tax sale certificate. Ibid. On October 16, 2020, a Chancery judge vacated final judgment, permitting redemption conditioned "on the payment of reasonable costs and fees." See id. at 4. Adar redeemed the tax sale certificate and regained title to the property. The judge denied TDJP's

motion for reconsideration and TDJP appealed from the memorializing order. Id. at 5.

While TDJP's appeal was pending, Adar began renovating the property. Adar allegedly improved the roof, flooring, kitchen cabinets, counters, walls, kitchen appliances, and plumbing system. Adar obtained a certificate of occupancy, leased the property, and collected rent. After Adar's alleged $93,700 in improvements, the property's value increased.

On April 13, 2022, we reversed the judge's order vacating final judgment and revested title to TDJP. On September 26, Adar filed a one-count Law Division complaint against TDJP alleging unjust enrichment and seeking recovery of "thousands of dollars" expended for improvements. On October 31, TDJP moved to dismiss the complaint for failure to state a claim in lieu of an answer, which Adar opposed.

On December 16, 2022, without hearing argument,[1] the motion judge granted TDJP's motion. The order provided a one-sentence written statement of reasons: "The [c]omplaint is dismissed pursuant to [Rule] 4:6-2(e) and the New Jersey Appellate Division's decision in [Wilmington Savings Fund Soc'y, FSB

_____

[1] Adar argues the motion judge failed to hold oral argument, pursuant to Rule 1:6-2(d), but the record does not show argument was requested.

for Pretium Mortgage Acquisition Trust v. Daw, 469 N.J. Super. 437 (App. Div. 2021)]."

On appeal, Adar argues the judge erred because: reliance on Wilmington Savings was misplaced as it concerns mortgage foreclosures rather than tax sale foreclosures; and the complaint adequately pleaded an unjust enrichment claim against TDJP.

II.

We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). Courts should search the complaint thoroughly "and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). In this early stage of litigation, we are not concerned with a pleading party's ability to prove its allegations. Printing Mart, 116 N.J.

at 746.  However, "pleadings reciting mere conclusions without facts . . . do not justify a lawsuit," and warrant dismissal.  Neuwirth v. State, 476 N.J. Super. 377, 390 (App. Div. 2023) (alteration in original) (quoting Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 582 (App. Div. 1998)).

"The essential test is 'whether a cause of action is suggested by the facts.'" Sashihara v. Nobel Learning Cmtys., Inc., 461 N.J. Super. 195, 200 (App. Div. 2019) (internal quotation marks omitted) (quoting Printing Mart, 116 N.J. at 746).  But "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107.  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Our Supreme Court has long recognized "two competing public policy goals" embodied in the New Jersey Tax Sale Law (TSL), N.J.S.A. 54:5-1 to -137:  "one to enhance the tax-collecting ability of municipalities by encouraging tax sale foreclosures and the other to protect property owners from the devastating consequences of foreclosure."  Simon v. Cronecker, 189 N.J. 304, 315 (2007).  A tax sale certificate is created when a municipality enforces

a tax lien prescribed by the procedure set forth in N.J.S.A. 54:5-19. Varsolona v. Breen Cap. Servs. Corp., 180 N.J. 605, 617 (2004) (quoting Savage v. Weissman, 355 N.J. Super. 429, 435-36 (2002)). The court has long recognized the interest in promoting marketability of tax sale certificates. See BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 128 (App. Div. 2021). In Cronecker, our Supreme Court further "acknowledge[d] that the primary goal of the [TSL] is to encourage the sale of tax certificates." 189 N.J. at 331 (citing N.J.S.A. 54:5-85). Pursuant to the TSL, a tax sale certificate holder acquires certain rights, including the right "to acquire title by foreclosing the equity of redemption of all outstanding interests, including that of the property owner." In re Princeton Off. Park L.P. v. Plymouth Park Tax Servs., LLC, 218 N.J. 52, 63 (2014) (quoting Varsolona, 180 N.J. at 618).

Once final judgment is entered, the right of redemption in a tax sale foreclosure action is extinguished. N.J.S.A. 54:5-87. As a result of a "final judgment of foreclosure under the [TSL]," a tax certificate holder "is vest[ed] title to the property in fee simple." Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 166 (App. Div. 2005); N.J.S.A. 54:5-87. Historically, once title vested to the tax certificate holder, any outstanding rights to equity or value in the property were extinguished. In re Princeton, 218 N.J. at 63.

The United States Supreme Court in <u>Tyler v. Hennepin County</u> held the confiscation of a property owner's equity in a tax-related foreclosure violated the Fifth Amendment Takings Clause, reasoning that there was "no opportunity for the taxpayer to recover the excess value[] once absolute title ha[d] transferred." 598 U.S. 631, 644 (2023).[2] We recently held "retroactive pipeline application of the holding in <u>Tyler</u> to the TSL [wa]s mandated because the Court constitutionally recognized a property owner's interest in surplus equity." <u>257-261 20th Ave. Realty, LLC v. Roberto</u>, ___ N.J. Super. ___, ___ (App. Div. Dec. 4, 2023) (slip op. at 23).

### III.

While Adar correctly contends our decision in <u>Wilmington Savings</u> involved a mortgage foreclosure and this is a tax sale foreclosure, we glean the judge's reliance was based on the premise that Adar's unjust enrichment claim was insufficient because, accepting every inference, a quasi-contract was not asserted. In <u>Wilmington Savings</u>, we held a mortgage lender or its assignee had a duty under the implied covenant of good faith and fair dealing to timely advise a borrower regarding its application of insurance proceeds received. 469 N.J.

---

[2] After the parties' briefs were filed, TDJP filed a supplemental letter, pursuant to <u>Rule</u> 2:6-11(d), refuting the application of <u>Tyler</u>.

Super. at 455. We further held that the homeowner's quantum meruit and unjust enrichment claims for repair costs were precluded under the parties' mortgage contract because no "equitable basis to warrant" reimbursement existed. Id. at 460-61. "Recovery based on quasi-contract, sometimes referred to as a contract implied-in-law, 'is wholly unlike an express or implied-in-fact contract in that it is "imposed by the law for the purpose of bringing about justice without reference to the intention of the parties."'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 437 (1992) (quoting Saint Barnabas Med. Ctr. v. County of Essex, 111 N.J. 67, 79 (1988)). Notwithstanding the judge's terse statement of reasons, see Rule 1:7-4(a),[3] we conclude the judge's reference to Wilmington Savings pertained to Adar's failure to allege an equitable basis for relief.

"The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Goldsmith v. Camden Cnty. Surrogate's Off., 408 N.J. Super. 376, 382 (App. Div. 2009) (quoting Assocs. Com. Corp. v. Wallia, 211 N.J. Super. 231, 243 (App. Div. 1986)). To prove a claim for unjust enrichment, a party must

---

[3] Rule 1:7-4(a) requires courts to make "[r]equired [f]indings," in "an opinion or memorandum decision, either written or oral," which "find[s] the facts and state[s] its conclusions of law . . . on every motion decided by a written order that is appealable as of right . . ."

A-1727-22

demonstrate that the opposing party "received a benefit and that retention of that benefit without payment would be unjust."  Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 110 (2007) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)).  "That quasi-contract doctrine also 'requires that plaintiff show that it expected remuneration from . . . defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights.'"  Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (2016) (quoting Iliadis, 191 N.J. at 110).

We reject Adar's contention that it stated a claim against TDJP for unjust enrichment for the value of the property improvements.  The claim evinces a fundamental misunderstanding of the doctrine of unjust enrichment.  Notably, Adar's complaint does not allege any expectation of remuneration from TDJP.  Adar was notified of TDJP's appeal, which sought reversal of the Chancery judge's order vacating final judgment.  Yet, it knowingly made improvements with the possibility of a reversal pending; thus, Adar accepted the risk.  Accordingly, giving(?) Adar every reasonable inference from the facts alleged in support of its quasi-contract claim for unjust enrichment, we discern "no basis for relief" was pleaded.  See Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J.

Super. 329, 339 (App. Div. 2017) (quoting <u>J.D. ex rel. Scipio-Derrick v. Davy</u>, 415 N.J. Super. 375, 397 (App. Div. 2010)).

Finally, we note the December 16, 2022 order does not state that the complaint was dismissed with prejudice. Dismissal of a complaint for failure to state a claim pursuant to <u>Rule</u> 4:6-2(e) is "ordinarily without prejudice." <u>Smith v. SBC Commc'ns</u>, 178 N.J. 265, 282 (2004); <u>see also</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 4.1.1 on <u>R.</u> 4:6-2(e) (2024) ("[A] dismissal for failure to state a claim is [ordinarily] without prejudice."). "Under [<u>Rule</u>] 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a 'final judgment.'" <u>Vitanza v. James</u>, 397 N.J. Super. 516, 518 (App. Div. 2008) (quoting <u>Janicky v. Point Bay Fuel, Inc.</u>, 396 N.J. Super. 545, 939 (App. Div. 2007)). Nevertheless, because dismissal of this appeal would cause undue delay at this juncture, we sua sponte grant leave to appeal nunc pro tunc the order to dismiss. <u>See</u> <u>R.</u> 2:4-4(b)(2); <u>see also</u> <u>Medcor, Inc. v. Finley</u>, 179 N.J. Super. 142, 144-45 (App. Div. 1981) (holding this court has discretion on whether to grant leave to appeal from an interlocutory order). We therefore modify the court's order to reflect that the complaint has been dismissed without prejudice.

The court's order of December 16, 2022, is affirmed as modified. We remand to the motion judge for the limited purpose of modifying the order of dismissal to provide that Adar's complaint is dismissed without prejudice.

To the extent not addressed, Adar's remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed as modified and remanded for correction of the order. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1727-22